IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTHONY SCOTT WHITE                                                                  PETITIONER

v.                                        Civil No. 4:19-cv-4083

JACKIE RUNION,                                                                          RESPONDENT
Sheriff, Miller County, Arkansas

## REPORT AND RECOMMENDATION

On July 29, 2019, Petitioner, ANTHONY SCOTT WHITE ("WHITE") an inmate confined at the Miller County Jail, Texarkana, Arkansas, filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254 (ECF No. 1) and an Application to Proceed *In Forma Pauperis* (ECF No. 2). The Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. For the following reasons, the Court recommends the Petition be **DISMISSED**:

Because of deficiencies in his filings, the Court denied WHITE's Application to Proceed *In Forma Pauperis* and directed that he pay the $5.00 filing fee by August 23, 2019. ECF No. 4. The Court also directed WHITE to file an Amended Petition on or before August 23, 2019. ECF No. 4. This order informed WHITE that failure to respond by the Court's imposed deadlines could result in the dismissal of this case. *Id.* at p. 2. The order was mailed to WHITE's address of record and has not been returned as undeliverable. To date, WHITE has not responded to the Court's order.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

WHITE has failed to obey a Court order. He has failed to pay the filing fee as Ordered. Further, because WHITE has not filed an Amended Petition, the Court is unable to determine if a response from the Respondent should be ordered. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) WHITE's Petition (ECF No. 1) should be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**IT IS SO ORDERED,** this **26th day of August 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE